UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:15-cv-569-MOC
(3:12-cr-384-MOC-1)

| MAURICE STUCKEY, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| vs. | ) | ORDER |
|  | ) |  |
| UNITED STATES OF AMERICA, | ) |  |
|  | ) |  |
| Respondent. | ) |  |
|  | ) |  |

THIS MATTER comes before the Court on Petitioner's Motion for Reconsideration and/or Alter/Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e). (Doc. No. 14).

## I. BACKGROUND

Petitioner was indicted and pleaded guilty, pursuant to a written plea agreement, to one count of robbery under the Hobbs Act, 18 U.S.C. § 1951(b)(1), (b)(3), arising out of a July 2011 robbery effort, and one count of brandishing a firearm during and in relation to a crime of violence, arising out of an August 2011 carjacking, 18 U.S.C. § 924(c). (Id., Doc. No. 42 at 3-4; Doc. No. 24: Superseding Indictment). This Court's Probation Office prepared a presentence report that, among other things, concluded that the total offense level for Petitioner's Hobbs Act conviction was 28. (Id. at 4). That total included a seven-offense-level increase under section 2B3.1(b)(2)(A), which provides, "[i]f a firearm was discharged, increase by 7 levels." (Id.). The applicable provisions called for Petitioner's sentence for the conviction under 18 U.S.C. § 1951(b)(1), (b)(3), from the July 2011 robbery effort, to run consecutive to an 84-month sentence for his conviction under 18 U.S.C. § 924(c), for the firearm count arising from the August 2011

1

carjacking offense. (Id. at 12).

This Court sentenced Petitioner to 181 months of imprisonment, at the low end of the range of prison terms advised by the United States Sentencing Guidelines. (Id., Doc. No. 49 at 39-40: Sentencing Hr'g Tr.). This Court adopted the conclusions of the final presentence report, after neither the Government nor Petitioner objected. (Id. at 15-17). The Court rejected a request by the Government that Petitioner not receive a downward adjustment for acceptance of responsibility in light of a letter by Petitioner denying possession of the firearm. (Id. at 16). The Court of Appeals for the Fourth Circuit dismissed Petitioner's appeal in February 2015, in the light of the waiver that Petitioner executed as part of his plea agreement. United States v. Stuckey, No. 14-4474 (4th Cir. Feb. 2, 2015).

On November 20, 2015, Petitioner filed the underlying motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, arguing that his attorney was constitutionally deficient and the Government engaged in prosecutorial misconduct because neither party challenged the application of the seven-offense-level enhancement for the discharge of a firearm. On April 15, 2016, this Court denied and dismissed Petitioner's motion to vacate on the merits. On July 6, 2016, Petitioner filed the pending motion for reconsideration and/or alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure.

II.     **STANDARD OF REVIEW**

With regard to motions to alter or amend a judgment under Rule 59(e), the United States Court of Appeals for the Fourth Circuit has stated:

> A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or to prevent manifest injustice."

2

Hill v. Braxton, 277 F.3d 701, 708 (4th Cir. 2002) (quoting Collison v. Int'l Chem. Workers Union, 34 F.3d 233, 236 (4th Cir. 1994)). Furthermore, "Rule 59(e) motions may not be used to make arguments that could have been made before the judgment was entered." Id. Indeed, the circumstances under which a Rule 59(e) motion may be granted are so limited that "[c]ommentators observe 'because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.'" Woodrum v. Thomas Mem'l Hosp. Found., Inc., 186 F.R.D. 350, 351 (S.D. W. Va. 1999) (quoting 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE § 2810.1 (2d ed. 1995)).

### III. DISCUSSION

Petitioner has not shown the existence of the limited circumstances under which a Rule 59(e) motion may be granted. That is, Petitioner's motion does not present evidence that was unavailable when he filed his motion to vacate, nor does his motion stem from an intervening change in the applicable law. Furthermore, Petitioner has not shown that a clear error of law has been made, or that failure to grant the motion would result in manifest injustice to him. See Hill, 277 F.3d at 708. Rather, in his motion Petitioner merely reasserts some of the same arguments made in support of the original motion to vacate. In sum, the Court will deny Petitioner's motion.

### IV. CONCLUSION

Based on the foregoing, the Court will deny Petitioner's motion for reconsideration and/or alter/amend judgment.

**IT IS, THEREFORE, ORDERED** that

(1) Petitioner's Motion for Reconsideration and/or Alter/Amend Judgment Pursuant to Federal Rule of Civil Procedure 59(e), (Doc. No. 14), is **DENIED**.

(2) The Court finds that the Petitioner has not made a substantial showing of a denial of a constitutional right. See generally 28 U.S.C. § 2253(c)(2); see also Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003) (in order to satisfy § 2253(c), a "petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong") (citing Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). Petitioner has failed to demonstrate both that this Court's dispositive procedural rulings are debatable, and that his Motion to Vacate states a debatable claim of the denial of a constitutional right. Slack v. McDaniel, 529 U.S. 473, 484-85 (2000). As a result, the Court declines to issue a certificate of appealability. See Rule 11(a), Rules Governing Section 2255 Proceedings for the United States District Courts, 28 U.S.C. § 2255.

Signed: September 6, 2016

Max O. Cogburn Jr
United States District Judge